**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Servpro Industries Incorporated, et al., | No. CV-17-00862-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Zerorez of Phoenix LLC, et al., | |
| Defendants. | |

Defendants seek an award of attorneys' fees and non-taxable expenses under 15 U.S.C. § 1117(a). That statute allows for an award of fees "in exceptional cases." The Ninth Circuit has held this statutory language refers to any case "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016). This requires a court "examine the totality of the circumstances," including matters such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1181. A review of all the circumstances of this case establishes an award of fees is not appropriate.

Plaintiff's trademark infringement claims required application of the Ninth Circuit's eight-factor test for determining the likelihood of consumer confusion. (Doc. 111 at 6). That eight-factor test provides a general framework but the proper weight of each factor

depends on the other circumstances of the case. *See Brookfield Comm'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999). In other words, the test is highly indeterminate and it can be exceptionally difficult to predict how the eight factors will apply to a particular factual situation. That uncertainty makes it difficult for a potential plaintiff to assess its likelihood of success should it choose to pursue litigation.

Here, application of the eight-factor test led the Court to grant summary judgment in favor of Defendants. (Doc. 111 at 9). According to Defendants, Plaintiff "patently disregarded controlling Ninth Circuit precedent of *Cohn v. Petsmart*, 281 F.3d 837 (9th Cir. 2002), which inescapably compelled the conclusion that likelihood of confusion was entirely eliminated." (Doc. 116 at 3). While the Court agreed *Cohn* applied to the present case, the analysis in *Cohn* is somewhat unclear. As recognized by a leading treatise, the analysis in *Cohn* may be overly simplistic. *See* 1 McCarthy on Trademarks and Unfair Competition § 7:20 (5th ed.) (noting analysis of *Cohn v. Petsmart* should not be read as concluding "famous and strong slogans can be freely appropriated by a competitor just by using its own mark"). Thus, even in light of *Cohn* it was not obvious that Plaintiff's claims would fail. In short, Plaintiff's trademark infringement claims were not exceptionally weak when compared to other such claims the Court has handled.

Defendants also maintain this case was exceptional because of the position Plaintiff adopted regarding damages. Throughout this case, Plaintiff maintained it would be entitled to recover a massive amount of damages. Defendants repeatedly pointed out the permissible amount of damages was much lower than Plaintiff claimed. Plaintiff's position on damages was weak but Defendants have not established how Plaintiff's unreasonable position on damages altered the effort required to defend the case. Parties often demand an amount in damages that has a relatively slim legal or factual basis. If demanding too much in damages was sufficient to render a case exceptional, too many cases would qualify. Plaintiff's damages position does not render this case exceptional.

Having handled this case from the outset and being familiar with its history, it does not qualify as exceptional under 15 U.S.C. § 1117.

Accordingly,

**IT IS ORDERED** the Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. 116) is **DENIED**.

Dated this 29th day of January, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge